COMMONWEALTH of Pennsylvania,
DEPARTMENT OF ENVIRON-
MENTAL RESOURCES

v.

Anthony J. GENTILE and Pyrolytic
Corporation of America.

Appeal of Anthony J. GENTILE,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 1996.

Decided Oct. 7, 1996.

Michael R. Mey, for Appellant.

Barbara L. Smith, Assistant Counsel, for Appellee.

Before COLINS, President Judge,
SMITH, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

This case involves a trial court's order of contempt for failure to make installment payments toward the removal of over 100,000 waste tires located on a thirty-eight acre property in Wyoming County. Initially, Appellants had accumulated the tires on the property for purposes of recycling, but when financing for the recycling project collapsed, the Department of Environmental Protection (Department) became concerned about the hazard posed by the abundance of tires and initiated efforts to effectuate their removal.

Anthony J. Gentile (Gentile) and Pyrolytic Recycling Corporation of America (Pyrolytic) appeal from the November 20, 1995 order of the Court of Common Pleas of the Forty–Fourth Judicial District, Wyoming County Branch (trial court) (1) sentencing Gentile to undergo imprisonment in the Wyoming County Prison for a period of ninety days, effective December 20, 1995, for failure to make certain payments on an installment basis toward the removal of the waste tires; and (2) directing that Gentile could purge himself of his contempt and be released forthwith from the sentence upon payment to the Wyoming County Prothonotary the sum of $3000.00.[1] Because the record supports the trial court's determination that Gentile had the present ability to make the install-

1. In a December 27, 1995 supplemental opinion, the trial court stated that it vacated the incarceration sentence as Gentile paid $3000.00 to the Prothonotary on December 18, 1995. (Supplemental R.R. 3b.) There are, however, other delinquent installment payments at issue here.

ment payments, we affirm the court's November 20, 1995 order.

Gentile is the president and sole shareholder of Pyrolytic. Pyrolytic accumulated over 100,000 waste tires on the thirty-eight acre property for purposes of recycling. Financing for the project fell through and, subsequently, the Department instituted an equity action for purposes of having the tires removed from the property. A default judgment was taken against Pyrolytic and Gentile on January 31, 1991.

When the tires remained on the property, the Department filed a March 26, 1991 petition for contempt. After conducting a hearing on the petition, the trial court issued an April 12, 1991 order finding the defendants to be in contempt and directing them to pay $500.00 per day for every day that the waste tires remained on the property. (Supp. R.R. 5–6b.) As per a May 22, 1991 order, the court directed that the fine be abated for each day that nine tons of waste tires are removed from the property. (Supp. R.R. 7b.)

On November 5, 1991, the trial court entered an order therein finding that, subsequent to its April 13, 1991 order, Gentile failed to comply with the order directing the removal of tires on 146 days. Therefore, the court assessed the financial penalty of $500.00 per day and directed the Clerk of Courts to enter judgment in favor of the Department in the amount of $73,000.00 together with costs. Also in that November 5th order, the court directed Defendant to submit to the Department, on or before January 15, 1992, an income and expense statement and balance sheet with regard to all assets and liabilities of the corporate and individual defendant for the calendar year 1991 and quarterly thereafter. (Supp. R.R. 8–9b.)

On October 11, 1994, there having been no further progress made on tire removal, the Department filed a second petition for con-

tempt. The trial court held hearings and took testimony on the cost of tire removal and Gentile's financial condition. In a May 16, 1995 order, the trial court ordered Gentile to pay into the court $5000.00 during calendar year 1995, payable as follows: $1000.00 before June 30, 1995; $2000.00 before September 30, 1995; and $2000.00 before December 31, 1995. The court also ordered payments of $6000.00 in calendar year 1996 and each year thereafter, payable in four equal quarterly installments. (R.R. 23–24.)[2]

In the November 20, 1995 order which is the subject of the above-captioned appeal, the trial court imposed sanctions due to Gentile's failure to make certain installment payments. The court noted that Gentile had net income during the relevant time period in which he was ordered to make the payments. (Supp. R.R. 1b.)

▮ The issue before us is whether the trial court erred in setting up the payment schedule for Gentile based on the evidence adduced concerning his ability to pay.[3] Our scope of review when considering an appeal from a contempt order is limited to a review of whether the trial court abused its discretion or committed an error of law. *Richland Township v. Prodex, Inc.*, 166 Pa.Cmwlth. 313, 646 A.2d 652 (1994). When considering an appeal from a contempt order, great reliance must be placed upon the discretion of the trial judge. *Fenstamaker v. Fenstamaker*, 337 Pa. Superior Ct. 410, 487 A.2d 11 (1985).

▮ In this case, we conclude that the record supports the trial court's determination that Gentile's financial status was commensurate with the installment-payment schedule imposed. At the earlier May 15, 1995 hearing, Gentile stated as follows in response to the trial court's proposal to require him to pay money quarterly into a fund established for tire removal:

---

**2.** In a prior Commonwealth Court case involving these parties, 1429 C.D.1995, this Court quashed an attempted appeal of the May 16, 1995 order as not final or otherwise subject to immediate appellate review. In that May 16th order, the trial court had directed that further hearing in

the matter be set for January 29, 1996. (R.R. 15.)

**3.** Gentile has never appealed from any finding of contempt.

A. [Gentile] ... I think what you're [President Judge Vanston] saying as far as a flat sum that's something I could do and I could work with.

(May 15, 1995 Hearing, N.T. 20; R.R. 44.)

In addition, there is evidence of record that, as a certified public accountant, Gentile had gross income of about $43,000.00 and earned income in the amount of $35,410.50 for the period of January 1, 1995 through November 20, 1995. (November 20, 1995 Hearing, N.T. 8; R.R. 65–66, 70.) There is also evidence that, even though his wife became unemployed, she received unemployment compensation for six months and has a new job. (November 20, 1995 Hearing, N.T. 13–14, 24; R.R. 70–71, 81.)

As the trial court stated in its June 27, 1995 opinion, "Mr. Gentile is a Certified Public Accountant who, the court determined, had sufficient income to make such installment payments. Mr. Gentile did not oppose the method of payment, only the amount of the installments." (Trial Court's June 27, 1995 Opinion at 2; R.R. 5.) Based on the financial evidence adduced before the trial court, we conclude that the court did not abuse its discretion in formulating the installment-payment plan. *See Fenstamaker v. Fenstamaker,* 337 Pa. Superior Ct. 410, 487 A.2d 11 (1985) (holding that fine of $1000.00 imposed upon finding of civil contempt was not abuse of discretion in view of contemnor's sizeable assets).

Accordingly, we affirm the trial court's November 20, 1995 order holding Gentile in contempt for failing to make certain installment payments.

### ORDER

AND NOW, this 7th day of October, 1996, the order of the Court of Common Pleas of the Forty–Fourth Judicial District, Wyoming County Branch dated November 20, 1995 is hereby affirmed.