Aaron HILINSKI, a Minor, by Linda HILINSKI, His Natural Parent and Guardian and Linda Hilinski, Individually and In Her Own Right, Appellees,

v.

**EMERGYCARE, INC.**

Appeal of Douglas V. Volk, a Representative of the Defendant, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 28, 1999.

Filed Jan. 18, 2000.

Reargument Denied March 31, 2000.

John W. Beatty, Erie, for appellant.

Before JOHNSON, MUSMANNO and HESTER, JJ.

HESTER, J.:

¶ 1   At issue in this appeal is the propriety of the trial court's finding that Appellant, Douglas V. Volk, was in contempt of a court order and imposing a fine of $500.00.   We are constrained to reverse.

¶ 2   Appellant is an insurance adjuster for the insurer of the defendant in this personal injury action.   The minor plaintiff suffered injuries in a fire at approximately 11:00 p.m. on February 13, 1992.   Defendant is the ambulance company that transported the injured minor to the hospital. According to the allegations in the complaint, the minor plaintiff was unconscious and unresponsive when the ambulance personnel arrived.   Plaintiffs, the minor and his mother, alleged that ambulance personnel did not treat the minor plaintiff, who suffered horrific injuries, appropriately. Naturally, liability has been contested hotly, with defendant taking the position that the fire caused the injuries rather than its personnel.

¶ 3   At a pretrial conference held on August 21, 1998, the trial court attempted to obtain a settlement.   Appellant attended the conference.   However, there was a great disparity between the plaintiffs' demand, 4.5 million dollars, and defendant's offer, $500,000, which was the amount Appellant was authorized to offer.   The trial court apparently demanded that Appellant obtain higher settlement authority, and he was to contact the court within two weeks. No written order was entered requiring Appellant to inform the trial court specifically whether he obtained authority to offer more money within any time period.

Furthermore, the conference was not transcribed.

¶ 4 At a settlement conference held November 24, 1998, the trial court virtually ambushed Appellant, demanding to know why he had not informed it within two weeks of the August 21, 1998 settlement conference whether he had been authorized to offer additional money and holding him in contempt for not informing it within two weeks about the status of his authority. It is apparent from the transcript of the November 24, 1998 conference that the trial court wanted this matter to settle due to the horrific injuries suffered by the minor plaintiff. It also is clear that the defendant did not believe its actions had caused the injuries but that the fire had and that it did not intend to offer anything additional to settle the action at that time.

¶ 5 Furthermore, the transcript indicates that Appellant was confused during his interrogation by the trial court. He stated that he remembered communicating specifically and clearly to both plaintiffs' counsel and the trial court that his carrier would not meet the 4.5 million-dollar demand. He also thought that given the significant disparity between the demand and settlement offer, he was to inform the trial court within two weeks only if he had authority to *increase* the offer. On the other hand, he believed that if his superiors did not authorize him to increase the offer, he was not required to contact the trial court. He assumed that the trial court would understand that absent a positive indication that he had more authority, he had not obtained such authority and the case was not going to settle.

¶ 6 In support of his position that this belief was entirely reasonable, Appellant refers us to a letter the trial court sent to both parties on October 7, 1998, more than two weeks after the August 21, 1998 settlement conference. That letter indicates that since the trial court had not received notification the case had settled, it intend-

ed to issue an order setting trial for the following February.

¶ 7 The trial court found Appellant in contempt pursuant to 42 Pa.C.S. § 4131(2), which provides that the court may find an officer, party, juror, or witness in contempt of court for disobeying or neglecting the lawful process of the court. We interpreted that statute in *Fenstamaker v. Fenstamaker*, 337 Pa.Super. 410, 487 A.2d 11, 14 (1985), stating:

> As set forth in *Weingrad v. Lippy*, 300 Pa.Super. 76, 79, 445 A.2d 1306, 1308 (1982), four elements are necessary to support a finding of contempt under section 4131(2):
>
> 1. The order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited.
> 2. The contemnor must have had notice of the specific order or decree;
> 3. The act constituting the violation must have been volitional; and
> 4. The contemnor must have acted with wrongful intent.

■ ¶ 8 In the present case, the trial court acknowledges that there was no order or decree entered. It suggests that the record establishes that Appellant knew that he was required to contact it within two weeks regarding settlement. This suggestion is unsupported by the record. The trial court's questioning confused Appellant. In fact, he stated he knew he communicated clearly his company had no intention of settling for anywhere close to 4.5 million dollars and that the trial court would have understood that if no communication were forthcoming, the case had not settled.

■ ¶ 9 Thus, it is clear there was significant uncertainty in Appellant's mind as to the conduct that he was required to perform. Furthermore, there is not a scintilla of evidence Appellant acted with wrongful intent in this matter. As much as the trial court wanted this matter set-

tled, the defendant's insurer is under no legal mandate to oblige the trial court. The insurer is permitted to contest liability and take the risks attendant with not settling a case. This insurance adjuster did not violate a clear order or decree, and this contempt finding was contrary to the law set forth in *Fenstamaker*.

¶ 10 Order reversed. Jurisdiction relinquished.