# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Swede, Administrator :
of the Estate of Tracy Ann Kelly :
 :
 :
v. :
 :
Barbara Layton, CRNP, Medical :
Associates of Bridesburg, P.C., and :
Aria Health d/b/a Jefferson :
Torresdale Hospital :
 :
Appeal of: Department of : No. 1349 C.D. 2022
Transportation : Submitted: April 11, 2024


BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY        FILED: September 10, 2024

  The Department of Transportation (DOT) appeals from the Philadelphia County Common Pleas Court's (trial court) November 18, 2022 order granting Aria Health d/b/a Jefferson Torresdale Hospital's (Aria Health) Second Motion for Sanctions and to Enforce Order Against DOT and directing DOT to produce all documents submitted by Aria Health regarding Tracy Ann Kelly (Decedent) within 10 days of the order's date, and remit $5,000.00 to counsel for Raymond Swede, Administrator of Decedent's Estate (Estate), for intentionally disregarding 3 separate discovery orders issued by the trial court. DOT presents two issues for this Court's review: (1) whether the trial court erred as a matter of law by holding that its November 18, 2022 order was not a final order; and (2) whether the trial court abused its discretion and erred as a matter of law by holding DOT in

contempt for refusing to comply with the trial court's orders that would have required DOT to violate Sections 1518(d) and (e), and 1519(b) of the Vehicle Code, 75 Pa.C.S. §§ 1518(d), (e), 1519(b). After review, this Court reverses.

On December 29, 2018, Decedent presented herself to Aria Health's emergency department (Emergency Department) due to a brief loss of consciousness. During the Emergency Department visit, the attending physician ran tests on Decedent, diagnosed her with having a seizure, and referred her to a neurologist. During the visit, the attending physician also filled out paperwork documenting the findings, which the attending physician submitted to DOT. On May 23, 2019, Decedent suffered a myocardial infarction at age 42, which was attributed to a left anterior descending artery blockage. Decedent died on July 7, 2019, after a prolonged hospital stay.

On August 12, 2020, the Estate filed a medical malpractice action against Barbara Layton, CRNP, Medical Associates of Bridesburg, P.C., and Aria Health (collectively, Appellees) for Decedent's alleged misdiagnosis. On March 3, 2022, the Estate served a subpoena on DOT seeking Decedent's records, which included but were not limited to, her medical records and physician correspondence. In response to the subpoena, DOT claimed that it was not permitted to release Decedent's records. On May 2, 2022, the Estate filed with the trial court a Motion to Enforce the Subpoena Served on DOT. On June 10, 2022, after oral argument, the trial court entered an order compelling DOT to produce all documents submitted by Aria Health regarding Decedent within 20 days of the order date.

After DOT failed to comply with the trial court's June 10, 2022 order, the Estate filed with the trial court a Motion for Sanctions and to Enforce Order Against DOT, which the trial court subsequently granted on October 3, 2022, therein directing DOT to produce the responsive documents within 10 days or suffer sanctions upon further application to the trial court. After DOT's noncompliance

2

with the trial court's June 10 and October 3, 2022 orders, on October 25, 2022, the Estate filed a Second Motion for Sanctions and to Enforce Order Against DOT, which the trial court granted on November 18, 2022, compelling DOT to produce all documents regarding Decedent within 10 days and to remit $5,000.00 to the Estate's counsel for disregarding discovery orders issued by the trial court.

DOT appealed to this Court.[1]  On December 8, 2022, the trial court directed DOT to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On December 20, 2022, DOT filed its Rule 1925(b) Statement.  On May 17, 2023, the trial court filed its opinion pursuant to Rule 1925(a).

DOT first argues that the trial court erred as a matter of law by holding that its November 18, 2022 order was not a final order.  Specifically, DOT contends that because the November 18, 2022 order was a civil contempt order, it was immediately appealable.  The Estate rejoins that DOT cannot meet the three-pronged test that is necessary to establish a collateral order for the purpose of permitting an appeal.  *See* Rule 313.  The Estate asserts that the imposition of a sanction for repeated discovery order violations does not involve a right that is too important to be denied review, and no interests would go unprotected if an immediate appeal was

---

[1] "[This Court's] review when considering an appeal from a contempt order is limited to . . . [determining] whether the trial court abused its discretion or committed an error of law." *Dep't of Env[′t] Res. v. Gentile*, 683 A.2d 711, 712 (Pa. Cmwlth. 1996).  "When considering an appeal from a contempt order, great reliance must be placed upon the discretion of the trial judge." *Mulligan v. Piczon*, 739 A.2d 605, 608 n.4 (Pa. Cmwlth. 1999), *aff'd*, . . . 779 A.2d 1143 ([Pa.] 2001).

*Off. of Att'y Gen. v. Harth & Sons Gen. Contracting, LLC*, 306 A.3d 977, 979 n.5 (Pa. Cmwlth. 2023) (quoting *W. Pittston Borough v. LIW Invs., Inc.*, 119 A.3d 415, 421 n.9 (Pa. Cmwlth. 2015)).

not granted; thus, the trial court's November 18, 2022 order is neither final, collateral, nor appealable and this Court lacks jurisdiction to review the order.

However, this Court has explained:

> An order finding a party in civil contempt may be appealable as a final order **if the order executes on sanctions which were imposed**. *DeMasi v. DeMasi*, . . . 597 A.2d 101 ([Pa. Super.] 1991) . . . . However, if the sanctions are not yet executed upon, but may be imposed in the future, the order is interlocutory. *Id.*

*Twp. of Concord v. Concord Ranch, Inc.*, 664 A.2d 640, 650 (Pa. Cmwlth. 1995) (emphasis added).

"'[F]or a contempt order to be properly appealable,' it is necessary that the order 'impose sanctions on the contemnor and that no further court order be required before the sanctions take effect.'" *Porter v. Nikita Lodging, Inc.*, 274 A.3d 1272, 1282 (Pa. Super. 2022) (quoting *Glynn v. Glynn*, 789 A.2d 242, 248 (Pa. Super. 2001)) (underline emphasis added; bold emphasis omitted); *see also In re Est. of Disabato*, 165 A.3d 987, 993-94 (Pa. Super. 2017) (citing *Rhoades v. Pryce*, 874 A.2d 148, 151 (Pa. Super. 2005)) ("It is well[ ]settled that '**until sanctions are actually imposed**, **an [o]rder declaring a party in contempt is interlocutory and not appealable**.'") (emphasis added); *Jackson Twp. Supervisors v. Est. of Gresh* (Pa. Cmwlth. No. 1942 C.D. 2016, filed Dec. 12, 2017), slip op. at 14-15 . . . ("Unless sanctions or imprisonment are imposed, an order declaring a party in contempt is interlocutory and not appealable.").[2]

*Off. of Att'y Gen. v. Harth & Sons Gen. Contracting, LLC*, 306 A.3d 977, 980 (Pa. Cmwlth. 2023).

---

[2] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Here, the trial court's November 18, 2022 order provided, in pertinent part: "[**DOT**] **shall** produce all documents submitted by Aria Health regarding [Decedent] within ten (10) days of the date of this [o]rder and **remit $5,000[.00] to [the Estate's] counsel** for intentionally disregarding three separate discovery orders issued by th[e trial c]ourt." Reproduced Record at 248a (emphasis added). Because the trial court's order imposed a $5,000.00 sanction against DOT, the trial court's November 18, 2022 order is a final, appealable order. Accordingly, the trial court erred by concluding otherwise.

DOT next argues that the trial court abused its discretion and erred as a matter of law by holding DOT in contempt for refusing to comply with the trial court's orders that would have required DOT to violate Sections 1518(d) and (e), and 1519(b) of the Vehicle Code. Specifically, DOT contends that a report that is submitted to DOT in accordance with Section 1518(b) and (c) of the Vehicle Code may not be disclosed for use in private litigation, including a medical malpractice lawsuit. The Estate rejoins that the trial court neither abused its discretion nor committed an error of law when it issued a sanctions order against DOT where DOT blatantly ignored two separate trial court orders directing DOT to produce documents to the Estate. The Estate asserts that a sanction is entirely reasonable given the time and effort afforded by the Estate's counsel in filing three discovery motions, and the time and effort afforded by the trial court in repeatedly reviewing the matter.

Initially,

> [i]t is well established that "[c]ourts possess an inherent power to enforce their orders by way of the power of contempt." *Dep[*'t*] of Env[*'t*] Prot[.] v. Cromwell [Twp.], Huntingdon [Cnty.], . . . * 32 A.3d 639, 653 ([Pa.] 2011) (quoting *Brocker v. Brocker*, . . . 241 A.2d 336, 338 ([Pa.] 1968)). This power includes "**broad discretion in fashioning and administering a remedy for civil**

5

**contempt**.” *Commonwealth v. Honore*, 150 A.3d 521, 526 (Pa. Cmwlth. 2016) (Covey, J., single judge op.) ([quoting] *Mulligan v. Piczon*, 739 A.2d 605, 611 (Pa. Cmwlth. 1999)).

The purpose of civil contempt is “**to compel performance of lawful orders**,” and the burden is generally on the complaining party to prove noncompliance with the court order. *Honore*, 150 A.3d at 526. Mere noncompliance with a court order is insufficient to prove civil contempt. *Id*. The complainant must prove: “(1) **that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed**; (2) **that the act constituting the contemnor's violation was volitional**; **and** (3) **that the contemnor acted with wrongful intent**.” *Id*. (quoting *Epstein v. Saul Ewing, LLP*, 7 A.3d 303, 318 (Pa. Super. 2010)). Further, an appellate court will reverse a trial court's order denying a contempt petition “only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason.” *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa. Super. 2012).

*Joos v. Bd. of Supervisors of Charleston Twp.*, 237 A.3d 624, 634 (Pa. Cmwlth. 2020) (emphasis added).

Section 1518 of the Vehicle Code provides in relevant part:

**(a) Definition of disorders and disabilities.--**The Medical Advisory Board shall define *disorders characterized by lapses of consciousness* or other mental or physical disabilities affecting the ability of a person to drive safely for the purpose of the reports required by this section.

**(b) Reports by health care personnel.--**All physicians, . . . physician assistants, certified registered nurse practitioners and other persons authorized to diagnose or treat disorders and disabilities defined by the Medical Advisory Board shall report to [DOT], in writing, the full name, date of birth and address of every person over 15 years of age diagnosed as having any specified disorder or disability within [10] days.

6

**(c) Responsibility of institution heads.--**The person in charge of every mental hospital, institution or clinic, or any alcohol or drug treatment facility, shall be responsible to assure that reports are filed in accordance with subsection (b).

**(d) Confidentiality of reports.--***The reports* required by this section *shall be confidential* and shall be used solely for the purpose of determining the qualifications of any person to drive a motor vehicle on the highways of this Commonwealth.

**(e) Use of report as evidence.--***No report forwarded under the provisions of this section shall be used as evidence in any civil* or criminal *trial* except in any proceeding under [S]ection 1519(c) [of the Vehicle Code] (relating to determination of incompetency).

75 Pa.C.S. § 1518 (italic emphasis added).

Section 1519(b) of the Vehicle Code mandates:

Reports received by [DOT] for the purpose of assisting [DOT] in determining whether a person is qualified to be licensed and **reports of examinations authorized under this subchapter** are for the confidential use of [DOT] and **may not be divulged to any person or used as evidence in any trial** except that the reports and statistics and evaluations used by [DOT] in determining whether a person should be required to be examined under this subchapter shall be admitted in proceedings under [S]ection 1550 [of the Vehicle Code, 75 Pa.C.S. § 1550] (relating to judicial review).

75 Pa.C.S. § 1519(b) (emphasis added).

This Court addressed the above-quoted statutes in *Puricelli v. Department of Transportation (Office of Chief Counsel)*, 288 A.3d 581 (Pa. Cmwlth. 2023), wherein, it explained:

In interpreting these sections of the Vehicle Code, it is this Court's duty to ascertain the intent of the General Assembly and construe every statute, if possible, in a manner that gives effect to all of its provisions. [*See*] 1 Pa.C.S. § 1921. When a statute is clear and free from all

7

ambiguity, we must consider the plain meaning of its words. [*See*] [*i*]*d.*; *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776 (Pa. Cmwlth. 2008). Further, we presume the General Assembly does not intend results that are absurd, impossible of execution, or unreasonable. [*See*] *Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder, Jr.)*, . . . 834 A.2d 524 ([Pa.] 2003).

Here, the intent of the legislature is clear from the language of the Vehicle Code. In furtherance of the legislature's goal of promoting safe highways, []DOT is tasked with determining whether individuals are competent to drive and permitted to obtain or retain a driver's license. In order to accomplish this task, []DOT must have access to records pertaining to medical conditions that could impact an individual's ability to safely drive. The legislature specifically indicates in the statute that these records are to be "confidential." 75 Pa.C.S. § 1518(d). Such records "may not be divulged to any person." 75 Pa.C.S. § 1519(b). Such records are precluded from being used as evidence in any trial. [*See*] 75 Pa.C.S. §§ 1518(e) & 1519(b). **The General Assembly's intent**, **which is evident from a plain reading of these statutes**, **is that medical records provided to []DOT are solely for the purpose of assisting []DOT with competency determinations and for use by []DOT at competency hearings**. **Otherwise**, **such records are required by statute to remain confidential**.

*Puricelli*, 288 A.3d at 587 (emphasis added).

Because "reports of examinations authorized under [Section 1519 of the Vehicle Code] are for the confidential use of [DOT] and may not be divulged to any person[,]" DOT is precluded from providing such records to the Estate. 75 Pa.C.S. § 1519(b). Accordingly, "the trial court misapplied the law or exercised its discretion in a manner lacking reason[,] *Joos*, 237 A.3d at 634 (quoting *MacDougall*, 49 A.3d at 892), by holding DOT in contempt for refusing to comply with the trial

8

court's orders that would have required DOT to violate Sections 1518(d) and (e), and 1519(b) of the Vehicle Code.[3]

For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[3] Significantly, the Concurring and Dissenting Opinion (CO/DO) agrees with the Majority that the portion of the trial court's order which required DOT to produce the documents was erroneous and, like the Majority, would reverse the order to produce. The CO/DO maintains that while it agrees that the trial court erred in ordering DOT to produce the documents, the portion of the trial court's order imposing the monetary contempt sanctions should be affirmed because DOT should have appealed from the trial court's first two orders, rather than ignore them. First, DOT did not ignore the trial court's previous orders. Rather, DOT consistently maintained that the Vehicle Code precluded it from producing the documents. Second, while the CO/DO maintains that DOT should have appealed from the trial court's orders, rather than not comply with the orders, DOT's decision not to appeal from the trial court's orders does not constitute contempt and certainly was not the basis for the trial court's finding of contempt. The trial court found DOT in contempt for disobeying its orders. The law on contempt is clear that "[m]ere noncompliance with a court order is insufficient to prove civil contempt." *Joos*, 237 A.3d at 634. Third, there is no precedent and the law on contempt does not support the CO/DO's disposition that where the trial court erred in ordering certain action, the contempt finding and sanctions may be upheld even though the court order underlying the contempt ruling was erroneous. "The purpose of civil contempt is 'to compel performance of **lawful** orders[.]'" *Id.* (quoting *Honore*, 150 A.3d at 526) (emphasis added). Fourth, "[t]o sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with **wrongful** intent." *Stahl v. Redcay*, 897 A.2d 478, 489 (Pa. Super. 2006) (quoting *In re Contempt of Cullen*, 849 A.2d 1207, 1210-11 (Pa. Super. 2004) (emphasis added)). Here, the trial court ruled that DOT intentionally disregarded its orders; however, it did not make a finding nor is there any record evidence to support that DOT acted with wrongful intent. Fifth, sanctions can only be imposed once the noncomplying litigant has the opportunity to purge the contempt by complying with the court's order. *See Barrett v. Barrett*, 368 A.2d 616, 620 (Pa. 1977) (quoting *Commonwealth ex rel. Beghian v. Beghian*, 184 A.2d 270, 272 (Pa.1962) ("'The use of the power to enforce compliance is exercised with the objective of compelling performance and not inflicting punishment.' In accordance with this principle, [the Pennsylvania Supreme Court] ha[s] indicated that a court may not convert a coercive sentence into a punitive one by imposing conditions that the contemnor cannot perform and thereby purge himself of the contempt.")). Thus, because there was no opportunity to purge, i.e., DOT was statutorily prohibited from complying with the erroneous order, there can be no contempt.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Swede, Administrator      :
of the Estate of Tracy Ann Kelly    :
                                          :
              v.                  :
                                            :
Barbara Layton, CRNP, Medical    :
Associates of Bridesburg, P.C., and  :
Aria Health d/b/a Jefferson         :
Torresdale Hospital              :
                                            :
Appeal of: Department of       :   No. 1349 C.D. 2022
Transportation                 :

## O R D E R

AND NOW, this 10th day of September, 2024, the Philadelphia County

Common Pleas Court's November 18, 2022 order is reversed.


                                 _____

                                 ANNE E. COVEY, Judge

Raymond Swede, Administrator    :
of the Estate of Tracy Ann Kelly    :
    :
    v.    :    No. 1349 C.D. 2022
Barbara Layton, CRNP, Medical    :    SUBMITTED: April 11, 2024
Associates of Bridesburg, P.C., and    :
Aria Health d/b/a Jefferson Torresdale    :
Hospital    :
    :
Appeal of: Department of    :
Transportation    :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**CONCURRING AND DISSENTING OPINION**
**BY SENIOR JUDGE LEADBETTER**    **FILED**: September 10, 2024

I fully agree with the Majority that the order under review is a final, appealable order and that the order to produce should be reversed. However, I would affirm the trial court's order holding the Department of Transportation (DOT) in contempt. As noted by the Majority, DOT refused to comply with two orders directing that the contested documents be produced. Orders of the court are not suggestions which litigants are free to ignore if they believe them to be improper. In a situation such as this where a party is ordered to produce documents which it believes are privileged, I believe it should appeal that order under the collateral order rule, not disregard it. Moreover, while the Majority correctly cites the *dicta*[1] in

---

[1] The holding in *Puricelli v. Department of Transportation (Office of Chief Counsel)*, 288 A.3d 581 (Pa. Cmwlth. 2023), was that DOT had no mandatory or ministerial duty to turn over the requested records and, thus, that mandamus did not lie, a holding with which I do not quarrel.

*Puricelli v. Department of Transportation (Office of Chief Counsel)*, 288 A.3d 581 (Pa. Cmwlth. 2023), I believe that language is overbroad and, as *dicta*, is not necessarily binding here. Further, I do not find it persuasive. Clearly, Sections 1518(d) and 1519(b) of the Vehicle Code, 75 Pa.C.S. §§ 1518(d) and 1519(b), make the medical reports at issue confidential and provide that they "may not be divulged to any person." However, the specific statutory language does not preclude their use for all "litigation purposes," as *Puricelli* states. Rather the statute mandates that no such reports "shall be used in evidence in any civil or criminal trial." In the context of discovery, Rule 4003.1(b) of the Pennsylvania Rules of Civil Procedure provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.Civ.P. 4003.1(b). Therefore, while DOT may not voluntarily turn over such reports, in my view, a trial court, where the requirements of Rule 4003.1(b) are met and where compelling circumstances are demonstrated, has the discretion to require production under a strict confidentiality order. Nonetheless, we do not need to decide that issue here because none of these factors appear in this case. Hence, I agree with the Majority that the portion of the order under review which required production of the contested documents was erroneous.

For the above reasons, I would affirm the order imposing a monetary sanction for contempt but would reverse the order to produce.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

BBL - 2