**BOROUGH OF SLATINGTON,**
**Appellant**

v.

**Edwin L. ZIEGLER, Slatington Redevelopment Corporation and Zeek, Inc.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 2005.

Decided Dec. 21, 2005.

Reargument Denied Feb. 9, 2006.

---

Jeffrey R. Dimmich, Orefield, for appellant.

Ronald E. Corkery, Whitehall, for appellees.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Borough of Slatington (Borough) appeals from the order of the Court of Common Pleas of Lehigh County (trial court) which found Edwin L. Ziegler (Ziegler), Slatington Redevelopment Corporation, and Zeek, Inc., two corporations owned and controlled by Ziegler, in contempt of the trial court's order of March 20, 1989 and ordered Ziegler to landscape the entire boundary line of his property which faces Route 873 within sixty (60) days and to pay the Borough's counsel fees and costs. We dismiss as interlocutory.

In 1988, the Borough sought to enforce the provisions in its junkyard ordinance against Ziegler for illegally maintaining and storing junk on his property located at 11 North Walnut Street in the Borough. Prior to the trial, the parties entered into a stipulation dated March 15, 1989 which was confirmed by a court order on March 20, 1989 (consent decree). The consent decree required that within ninety (90) days of the court order that the premises no longer be used for the deposit and storage of junk, trash or refuse.

On August 4, 1989, the Borough filed a contempt petition alleging that Ziegler failed to comply with the consent decree of March 20, 1989. On September 8, 1989, the trial court found Ziegler in contempt and ordered that all trash, junk and refuse be removed from the premises no later than September 25, 1989 or incur a $500.00 penalty. Ziegler was further ordered to pay the Borough's counsel fees.

On December 19, 1990, the Borough filed a second contempt petition against Ziegler. On January 18, 1991, the trial court found Ziegler in contempt and sentenced him to thirty (30) days in prison. Ziegler was given the right to purge himself from incarceration by the payment of $1000.00 and the Borough's attorney's fees and costs.

On January 12, 1995, the Borough filed a third contempt petition for violation of the consent decree. On January 25, 1995, the trial court found Ziegler in contempt and sentenced him to six months in prison with the right of immediate parole if he brought the property into compliance within forty-five days. Ziegler was also fined $5000.00 and ordered to pay the Borough's fine along with counsel fees and costs.

On January 26, 1998, the Borough filed a fourth contempt petition for violation of the consent decree. The parties entered a stipulation amending the consent decree. The amended consent decree provided an admission by Ziegler that his property had been in violation of the March 20, 1989 consent decree. Ziegler agreed to pay the Borough $6000.00 plus costs and attorney's

fees in lieu of a fine and further agreed to pay $1000.00 per day for any future violations of the March 20, 1989 trial court order.

On November 20, 2002, the Borough filed a fifth contempt petition. The trial court found Ziegler in contempt of court and sentenced him to six months in prison. Ziegler was given the option to purge himself of the imprisonment by fully complying with the March 20, 1989 court order within 90 days. Ziegler was also ordered to pay counsel fees and costs.

On December 29, 2004, the Borough filed the current contempt petition alleging repeated and continuous failure of Ziegler to maintain the property free of junk, trash, debris, refuse, junk vehicles, vehicles in disrepair and other materials. On February 23, 2005, the trial court found Ziegler in contempt of Court and ordered him to plant trees to screen the property from view in order to purge him of the contempt. The trial court further ordered Ziegler to pay the Borough's costs and attorney's fees. The Borough appealed to our Court.

The trial court subsequently ordered the Borough to file a statement of the matters complained of on appeal. The trial court thereafter filed its opinion which states that it did not modify the consent decree and that the order of February 23, 2005 was not a final, appealable order.

■ Before our Court, the Borough contends that the trial court erred in improperly modifying or altering the consent decree by ordering Zeigler to screen his property with trees rather than requiring him to remove the offending materials. The Borough also contends that the trial court failed to assess a penalty of $1000.00

per day for each day of the 76 days that Zeigler violated the consent decree when the consent decree provided for the mandatory imposition of such penalty.[1]

■ First, we must address the appealability of the trial court's February 23, 2005 order. Our Court will only consider appeals from final orders of a trial court. Pa. R.A.P. 341(a). Our Superior Court has held that when a party is found in contempt, sanctions must be imposed for the trial court's order to be considered final and appealable. *Foulk v. Foulk,* 789 A.2d 254 (Pa.Super.2001). In *Steel v. Weisberg,* 368 Pa.Super. 590, 534 A.2d 814 (1987), our Superior Court explained in pertinent part as follows:

> Although [defendant] was given the opportunity to remove the sanction, such a feature is typical of civil contempt orders, which must contain conditions on the sentence so as to permit the contemnor to purge himself; he must be allowed to carry the keys to the jail in his pocket. Here, no further order would be necessary before the sanction would become effective. The order is properly before us for review.

*Id.* at 815.

■ In the present controversy, the Borough argues that the trial court's order does impose sanctions. The Borough argues that the purge condition was a sanction and that the imposition of counsel fees and costs were sanctions as well. A purge condition is not a sanction. It is the opportunity to remove a sanction. *Id.* However, the imposition of counsel fees and costs are sanctions. *See, e.g., Commonwealth ex rel. Novack v. Novack,* 310 Pa.Super. 112, 456 A.2d 208 (1983).

---

1. Our review in an equity matter is limited to determining whether the trial court committed an error of law or abused its discretion.

*Penn Township v. Watts,* 152 Pa.Cmwlth. 359, 618 A.2d 1244 (1992).

■ In the present controversy, the trial court found Zeigler in contempt and stated that in order to purge him of the contempt he must plant trees along his property line. The trial court awarded the Borough attorney's fees and costs and then further stated that:

> If Defendant fails to comply with the purge provisions of this Order, upon application by counsel for Plaintiff, the court shall conduct a hearing to impose sanctions.

Trial Court Order, February 23, 2005, at 2. The trial court has the "inherent power to inflict summary punishment for contempt" in imposing the purge provision and the sanction of attorney's fees and costs. *Cecil Township v. Klements*, 821 A.2d 670, 675 (Pa.Cmwlth.2003). The trial court in this case has used its inherent power to inflict a summary punishment for contempt with conditions in order for Ziegler to purge himself.

■ Here, the Borough appellant petitioned the trial court for a contempt order. The trial court issued a contempt order. The Borough is now appealing the contempt order which it requested because the trial court did not impose the sanctions it demanded. The order below will not be a final order until Zeigler either complies with or fails to comply with the purge condition placed on him by the trial court. In a case of contempt, the trial court may find a party in contempt and that party may appeal the finding of contempt, but the party asking for the contempt may not, as it is not aggrieved. *See Commonwealth v. Polo*, 563 Pa. 218, 759 A.2d 372, 373 (2000) (a party must have been adversely affected by the decision from which the appeal is to be taken to be considered aggrieved). It is well settled that a party must be aggrieved by an order to have standing to appeal the order. *Beers v. Unemployment Compensation Board of Review*, 534 Pa. 605, 633 A.2d 1158 (1993). The party, who is not adversely affected in any way by the order, is not an aggrieved party. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). A party is aggrieved when adversely, directly, immediately and substantially affected by a judgment, decree or order. *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board*, 659 A.2d 651 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 674, 668 A.2d 1136 (1995). If the trial court finds a party not in contempt, the party asking for the contempt may appeal that determination, but the party found not in contempt may not appeal. If the trial court finds the party in contempt and the party asking for contempt is not happy with the purge condition, the trial court still has the discretion to order the purge provision and the party seeking contempt cannot appeal because it disagrees with the court imposed purge condition until the trial court finds that the purge condition was or was not fulfilled and terminates the contempt proceedings.

Our Supreme Court defined the purposes of civil contempt proceedings as follows: "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (Emphasis omitted). *Brocker v. Brocker*, 429 Pa. 513, 521, 241 A.2d 336, 339 (1968), quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 303–04, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947). In general, attorney's fees and costs are among the special damages for which recovery may be had in civil contempt proceedings. *Bata v. Central–Penn Mutual Bank of Philadelphia*, 448 Pa. 355, 372, 293 A.2d 343, 352 (1972), *cert. denied*, 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689

(1973). The sanctions for civil contempt include reimbursement of the other party for attorney's fees and payment of a monetary amount to the court. *Novack.*

In the present controversy, the trial court awarded the Borough attorney's fees and costs. As attorney's fees and costs are considered sanctions, Zeigler, the contemnor, had the right to appeal the imposition of the attorney's fees and costs. However, the Borough was not aggrieved by the imposition of the attorney's fees and costs and, therefore, had no right of appeal. In the event Zeigler complies with the purge condition, the Borough may appeal from the subsequent order of court purging the contempt. The purge order would then qualify as a final order under Pa. R.A.P. 341(a).[2]

Accordingly, the Borough's appeal is quashed as it is not taken from a final or otherwise appealable order.

### ORDER

AND NOW, this 21st day of December, 2005 the appeal of the Borough of Slatington is quashed as it is not taken from a final or otherwise appealable order.

---

**2.** We quash this appeal as interlocutory, but if we were to decide it on the merits, we would have affirmed the trial court having found that the trial court was within its discretion in imposing the purge condition on Zeigler.