IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Parryville       :
      :
        v.       : No. 284 C.D. 2019
      : Submitted: December 10, 2019
Parryville Properties Too, LLC,       :
      :
        Appellant       :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK               FILED: February 5, 2020

Parryville Properties Too, LLC (Appellant) appeals from the November 8, 2018 order of the Court of Common Pleas of Carbon County (trial court) finding Appellant guilty of contempt for willfully violating the trial court's order of February 8, 2018. As a sanction, the trial court ordered Appellant to pay attorney's fees and costs as submitted by the Borough of Parryville (Borough). We affirm.

**Facts and procedural history**

Appellant is the owner of property located at 204 Main Street, Parryville, Pennsylvania (Property). At the time of Appellant's purchase, the Property was encumbered by a single-family residence, which apparently was badly deteriorated. In November of 2015, Appellant demolished and removed the structure, leaving the Property as an undeveloped vacant lot. On or about July 13, 2017, Appellant covered the Property with various materials, including crushed

stone, and began using the Property for off-street parking. On July 18, 2017, Borough Zoning Officer Marty Sowers sent an email to Mark Stemler, Appellant's owner, and John L. Siejk, Esq., Appellant's counsel, informing them of the need to communicate with him about Appellant's intended use of the Property, so that he could advise Appellant about relevant permitting requirements.

On July 24, 2017, Sowers posted a notice of violation on a construction trailer located on the Property. Reproduced Record (R.R.) at 12a-13a. The violation notice quoted Section 7.401 of the Borough Zoning Ordinance (Ordinance), which states:

> The purpose of the Zoning Permit is to determine compliance with the provisions of this Ordinance, and no person shall erect, structurally alter in a major way, or convert any structure, building, or part thereof, *nor alter the use of any land*, subsequent to the adoption of this Ordinance, until a Zoning Permit has been issued by a Zoning Official.

R.R. at 6a (emphasis added). The notice advised Appellant that work was being performed at the Property without a zoning permit in violation of Ordinance Section 7.401. The notice specifically stated that covering of the lot with crushed stone and allowing its use for parking was an alteration of use of the Property that was formerly a single-family residence with a yard. It further apprised Appellant that, in order to comply, Appellant must stop work immediately until approval was granted by the Zoning Officer, and it directed Appellant to apply for a zoning permit by August 3, 2017. The violation notice informed Appellant that failure to comply would result in further action and advised Appellant of its right to file a written appeal within 20 days. Sowers sent copies of the July 24, 2017 notice of violation to Appellant's registered address by regular and certified mail. On July 25, 2017, Sowers sent copies of the violation notice to Stemler and Attorney Siejk.

2

On July 28, 2017, the Borough filed a complaint in equity against Appellant, asserting its noncompliance with the Ordinance. The complaint sought an order directing Appellant to refrain from paving the Property or depositing additional crushed stone thereon; directing Appellant to remove the crushed and compacted stone; directing Appellant to cease parking motor vehicles on the Property; and seeking judgment against Appellant for reimbursement of costs and attorney fees. R.R. at 5a-9a.

On the same date, the Borough also filed a petition for a preliminary injunction.[1] R.R. at 16a-20a. Appellant filed an answer, and the trial court held a hearing on the preliminary injunction on November 28, 2017. R.R. at 59a-210a.

Sowers testified that the Property was situated between two houses in the middle of town. R.R. at 71a. He stated that the single-family dwelling previously on the Property had been demolished, pursuant to a permit, after which the Property was covered in stone and used as a parking area. R.R. at 71a-72a. Sowers explained that the change in use to a parking area, without a zoning permit, was in violation of the Ordinance. R.R. at 137a-39a. Sowers said that he posted the violation notice on a trailer on the Property and on the house at 210 Main Street, which also is owned by Stemler. Sowers testified that the violation notices sent to Appellant, Stemler, and Attorney Siejk informed Appellant of its right to appeal, and that no appeal was taken.[2]

---

[1] The Borough filed a praecipe to reinstate the complaint on August 25, 2017.

[2] Additional testimony was elicited concerning the condition of the former structure on the Property and whether the crushed stone was an impervious surface, possibly affecting the Borough's storm water system. Those facts are not relevant to the present appeal.

Appellant filed preliminary objections to the Complaint on December 5, 2017, in the nature of a demurrer and a motion to strike for insufficient specificity. R.R. at 44a-48a. The Borough filed preliminary objections in response.

By order dated February 8, 2018, the trial court granted in part and denied in part the Borough's request for a preliminary injunction. In relevant part, the trial court's February 8, 2018 order stated, "During the pendency of this action, [Appellant] is prohibited from utilizing the [Property] as a parking lot or otherwise parking motor vehicles thereon *or any other use not permitted and/or authorized by the Parryville Zoning Ordinance*." R.R. at 277a (emphasis added).

By order of March 9, 2018, the trial court denied both sets of preliminary objections and directed Appellant to file an answer to the complaint within 30 days. Appellant filed an answer and new matter on March 26, 2018. R.R. at 257a-66a. In its answer, Appellant denied that it was required to obtain a zoning permit and denied that it spread stone upon the Property in order to use it for off-street parking. As new matter, Appellant asserted that it obtained a building permit from Sowers on April 21, 2017, that was in effect at all relevant times. By order entered November 21, 2018, the trial court granted in part and denied in part the Borough's preliminary objections and directed Appellant to file amended new matter within 20 days.

On June 21, 2018, the Borough filed a petition requesting that the trial court find Appellant in contempt of the February 8, 2018 order, alleging that

vehicles and trailers continued to be parked on the Property.[3]  A hearing on the contempt petition was held on November 5, 2018.  R.R. at 318a-50a.

Ralph Washburn, a Borough council member, testified that he lives at 214 Main Street.  He stated that he saw cars and other vehicles parked on the Property after February 8, 2018.  In June 2018, he took photographs of cars, tractors, and trailers on the Property, which he emailed to the Borough on June 17, 2018.  R.R. at 318a-22a.  On cross-examination, Washburn conceded that he was not sure where the boundary between the Property and the adjacent lot was located, but he was certain that the trailers and tractor shown in the photographs were situated on the Property.  R.R. at 328a-29a.

Stemler testified that he was in Utah when the injunction was issued. He understood the court's order to mean that no one was to park on the lot at 204 Main Street.  Stemler said he immediately called Michael Johnson, his tenant next door, and Dave Lehman, who does maintenance work for him, and sternly warned them that no one was to park on the Property.  Stemler said he was in South America or Central America in June and July, and he insisted that he did not give anyone permission to park on the Property.  R.R. at 330a-32a.

On cross-examination, Stemler acknowledged that he owned the trailers that were parked on the Property, and he believed that the trailers were left on the Property after the stop work order was issued.  He said he did not recognize any of the cars in the photographs, and he blamed Johnson, his tenant at 210 Main Street,[4] for having them there.  R.R. at 332a-33a.

---

[3] The docket entries indicate that the Borough filed preliminary objections to Appellant's new matter in August 2018, after which discovery ensued.

[4] Stemler clarified that the property at 210 Main Street is owned by Parryville Properties, LLC, a separate entity.  R.R. at 334a.

**(Footnote continued on next page…)**

Johnson testified that he resides at 210 Main Street, next door to the Property. Johnson said that Stemler had called him and told him parking was not permitted on the Property. However, Johnson said he thought that the trailers and other construction equipment could remain. He stated that the cars in the photographs belonged to his employees[5] and were actually parked on the adjacent property. He then conceded that one photograph showed a car parked on the Property, but said he was not aware it was there. Johnson added that he "would love to start using it again," and he later explained that he had to keep his employees from parking on Main Street. R.R. at 335a-41a.

By order of November 8, 2018, the trial court found Appellant guilty of contempt for willfully violating the prior order. The trial court directed Appellant to comply with the February 8, 2018 order, including the removal of all vehicles from the subject property, although the trial court did not give a date by which compliance must occur. The trial court also ordered Appellant to pay attorney's fees and costs as submitted by the Borough's counsel. The Borough filed a bill of costs the same day, in the amount of $449.10.

On November 30, 2018, Appellant filed a motion for reconsideration with the trial court and an appeal with the Superior Court. On December 11, 2018, the trial court denied the motion for reconsideration and directed Appellant to file a concise statement of errors complained of on appeal. The Superior Court transferred the matter to this Court by order filed February 4, 2019, and denied the

**(continued…)**

[5] Stemler testified that Johnson is the owner-operator of Riverwalck, a restaurant in Parryville.

Borough's motion to dismiss without prejudice to the Borough's right to raise the issue of appealability of the November 8, 2018 order in this Court. The trial court's March 12, 2019 opinion urges this Court to quash the appeal as interlocutory. R.R. at 433a-46a.

On March 20, 2019, the Borough filed a motion to dismiss the appeal on the ground that the November 8, 2018 order is not a final order but instead is an interlocutory order subject to the requirements of Pa. R.A.P. 1311. The Borough argued that Appellant failed to comply with those requirements for permission to file an appeal. The Borough further asserted that the trial court did not designate the order as final pursuant to Pa. R.A.P. 341(b)(3) or (c), and the order does not give rise to an interlocutory appeal as of right under Pa. R.A.P. 311(a)(4).

Appellant filed a reply to the motion on March 28, 2019, denying most of the averments and asserting that an order finding a party in contempt for failure to comply with a prior order of court is final and appealable if sanctions are imposed. By order of May 13, 2019, we granted the Borough's praecipe to discontinue its motion to dismiss.

### Discussion

Preliminarily, we note that an appellate court's jurisdiction "generally extends only to review a final order." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011); Pa. R.A.P. 341(a).[6] A contempt order is

---

[6] A final order is any order that (1) disposes of all claims and of all parties, (2) is expressly defined as a final order by statute, or (3) is certified as a final order pursuant to Pa. R.A.P. 341(c). Pa. R.A.P. 341(b). The purpose of limiting appellate review to a final order is "to prevent piecemeal determinations and the consequent protraction of litigation." *Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009).

final and appealable if the "order imposes sanctions on the alleged contemnor," and "no further court order [is] required before the sanctions to take effect." *Foulk v. Foulk*, 789 A.2d 254, 258 (Pa. Super. 2001). The imposition of costs and counsel fees are sanctions. *Borough of Slatington v. Ziegler*, 890 A.2d 8, 12-13 (Pa. Cmwlth. 2005); *Commonwealth ex rel. Novack v. Novack*, 456 A.2d 208, 210-211 (Pa. Super. 1983). Because the trial court's November 8, 2018 order imposed sanctions upon Appellant, such that no further court order would be required before those sanctions take effect, the order is final and appealable. *Borough of Slatington*, 890 A.2d at 11-12.

As to the merits, our review of a finding of contempt is limited to determining whether the trial court abused its discretion. *Lachat v. Hinchcliffe*, 769 A.2d 481, 487 (Pa. Super. 2001). An appellate court "must place great reliance on the sound discretion of the trial court when reviewing an order of contempt." *Id.* "In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate, by a preponderance of the evidence, that the defendant is in noncompliance with a court order." *Id.* at 488. "However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." *Id.* "To be punished for contempt, a party must not only have violated a court order, but that order must have been '*definite, clear, and specific*--leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct.'" *Id.* at 488-89 (emphasis in original) (quoting *Maria Shop, Inc. v. Baird*, 670 A.2d 671, 673 (Pa. Super. 1996)).

In order to sustain a finding of civil contempt, the complainant must prove that: the contemnor had notice of the specific order he is alleged to have

8

disobeyed; the act constituting the contemnor's violation was volitional; and the contemnor acted with wrongful intent. *Ligonier Township v. Nied*, 161 A.3d 1039, 1047 (Pa. Cmwlth. 2017). A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced. *Stahl v. Redcay*, 897 A.2d 478, 489 (Pa. Super. 2006).

On appeal, Appellant argues that the trial court erred or abused its discretion in finding Appellant in contempt of its February 8, 2018 order. Appellant asserts that the Borough failed to prove the element of intent, citing Stemler's testimony that he took steps to achieve compliance with the order by giving instructions to Johnson. Appellant adds that Stemler and Johnson have "transacted millions of dollars of business over more than a decade. As such, it [was] quite reasonable for [Stemler] to rely on [Johnson]." Appellant's brief at 10 n.4. Appellant maintains that a determination that it could have done more to ensure compliance does not establish intentional disobedience of the trial court's order.

Appellant also asserts that the injunction order is insufficiently specific. In relevant part, the February 8, 2018 order prohibited Appellant "from utilizing the [Property] as a parking lot or otherwise parking motor vehicles thereon or any other use not permitted and/or authorized by the Parryville Zoning Ordinance." R.R. at 277a. In making this argument, Appellant focuses on the phrase "otherwise parking motor vehicles thereon," and asserts that the injunction order "clearly prohibits cars, motorcycles, and other things with motors." Appellant's brief at 11. Appellant contends that the trial court abused its discretion in finding that the *trailers* that remained parked on the Property were in violation of the February 8, 2018 order. However, Appellant overlooks the remainder of the

9

trial court's order, which expressly prohibits Appellant from engaging in "*any other use* not permitted and/or authorized by the Parryville Zoning Ordinance." R.R. at 277a (emphasis added).

In considering Appellant's contentions, we are mindful that

> [t]he general rule is that each court is the exclusive judge of contempt against its process, and on appeal its action will be reversed only when a plain abuse of discretion occurs. An abuse of discretion occurs when the course pursued represented not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Ligonier Township*, 161 A.3d at 1045 n.4 (quotations and citations omitted). In this instance, Stemler was informed that the Ordinance required a permit to alter "the use of any land," and he was aware that the Property was in violation of the Ordinance in July 2017. The trial court's February 8, 2018 order prohibits *any other use not permitted and/or authorized by the Ordinance.* The order is not vague. The Borough offered evidence that vehicles and trailers were parked on the Property months after Stemler was notified of the violation, and the trial court apparently determined that Stemler's failure to cure the known and ongoing violation was volitional.

Based on this record, we cannot conclude that the trial court's judgment was manifestly unreasonable, that the law was not applied, or that the trial court's order reflects partiality, prejudice, bias or ill will. Applying the preponderance of the evidence standard, we conclude that the trial court did not abuse its discretion in finding Appellant in contempt of its February 8, 2018 order.

10

Finally, Appellant argues that the trial court erred or abused its discretion in ordering Appellant to pay attorney's fees and costs as submitted by the Borough's counsel.

The Superior Court has explained:

> Sanctions for civil contempt can be imposed for one or both of two purposes: to compel or coerce obedience to a court's order and/or to compensate the contemnor's adversary for injuries resulting from the contemnor's non-compliance with a court order. Attorneys' fees and other disbursements necessitated by the contemnor's noncompliance may be recovered by the aggrieved party in a civil contempt case. Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent, it is coercive and compensatory, and not punitive. Counsel fees are a proper element of a civil contempt order.

*Mrozek v. James*, 780 A.2d 670, 674 (Pa. Super. 2001) (citations omitted). Appellate review of a trial court's order awarding attorney's fees is limited to determining whether the trial court palpably abused its discretion in making the award. *Ligonier Township*, 161 A.3d at 1048.

Appellant contends that because the trial court's order directed payment of $449.10 in attorney's fees and costs without requiring a determination of reasonableness, the order "is devoid of procedural safeguards and/or due process protections," warranting reversal. Appellant's brief at 12. However, Appellant cites no authority to support this argument, and Appellant has not challenged the reasonableness of the fees submitted by the Borough.

11

For the foregoing reasons, we affirm the trial court's order.



                                           _____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of Parryville | : | |
| | : | |
| v. | : | No. 284 C.D. 2019 |
| | : | |
| Parryville Properties Too, LLC, | : | |
| | : | |
| Appellant | : | |

# O R D E R

AND NOW, this 5th day of February, 2020, the order of the Court of Common Pleas of Carbon County, dated November 8, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge