## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| State Ethics Commission, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Elvera Honore, | : | No. 4 M.D. 2015 |
| Respondent | : | Heard: November 2, 2016 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY                                      FILED: November 3, 2016

Before this Court is the Commonwealth of Pennsylvania State Ethics Commission's (Commission) Motion for Adjudication of Civil Contempt (Motion) against Elvera Honore (Honore). Honore did not file an answer or other responsive pleading.

Honore, a Department of Human Services, Income Maintenance Caseworker, is a public employee required to file a Statement of Financial Interests (SFI) by May 1, 2013 pursuant to Sections 1104 and 1105 of the Public Official and Employee Ethics Act (Ethics Act),[1] 65 Pa.C.S. §§ 1104, 1105. Honore did not file

---

[1]     The original Ethics Act, Act of October 4, 1978, P.L. 883, 65 P.S. §§ 401–413, was reenacted in 1989. The 1989 act was then repealed and replaced by the current act enacted in 1998. A financial interest statement must be filed on a form prescribed by the Commission. Section 1105(a) of the Ethics Act, 65 Pa.C.S. § 1105(a). Any person who fails to file a financial interest statement commits a misdemeanor and, upon conviction, is sentenced to pay a fine up to $1000 or to serve imprisonment for up to one year, or both. Section 1109(b) of the Ethics Act, 65 Pa.C.S. § 1109(b). In addition, the Commission may assess a civil penalty of not more than $25 a day, up to a total of

her SFI by May 1, 2013.  By September 23, 2013 letter, the Commission notified Honore that she could avoid civil penalties for failing to file the SFI, if she filed it within 20 days.[2]  By November 4, 2013 letter, the Commission again notified Honore that she could avoid civil penalties by filing her SFI within 20 days.  Due to her continued failure to comply with the Commission's notices, on October 6, 2014, the Commission issued a final adjudication ordering Honore to file her 2012 SFI and pay a $250.00 civil penalty by the 30th day after the mailing date of the order.  The final adjudication was mailed to Honore's known address and warned that her "[f]ailure to comply with . . . [the o]rder will result in the initiation of an appropriate enforcement action."  Commission Pet. to Enforce Ex. A.  Honore did not appeal from the Commission's order, nor did she timely respond on or before November 5, 2014.

On January 5, 2015, the Commission filed a petition for enforcement of its administrative order with this Court.  By January 8, 2015 order, this Court directed the Commission to serve the order upon Honore and Honore to answer the petition by January 23, 2015, and scheduled a hearing for January 28, 2015.  Due to the Commission's difficulties effectuating personal service on Honore of the enforcement petition and this Court's order, the Commission requested a general continuance of the hearing, which this Court granted on January 26, 2015.

On April 23, 2015, the Commission filed a praecipe with this Court to schedule the previously-continued enforcement hearing, reflecting that the sheriff was able to serve the enforcement petition upon an adult at Honore's known address on March 3, 2015.  Accordingly, on April 27, 2015, this Court ordered the Commission to serve the order upon Honore and ordered Honore to answer the enforcement

_____

$250, for the time that the statement remains delinquent.  Section 1109(f) of the Ethics Act; 51 Pa.Code § 19.3(e).

*Quaglia v. State Ethics Comm'n,* 986 A.2d 974, 976 n.3 (Pa. Cmwlth. 2010).

[2] This notice and all others thereafter, were mailed to Honore's only known address and were not returned.

petition by May 21, 2015, and scheduled the enforcement hearing for May 28, 2015. According to a proof of service filed with this Court on April 30, 2015, the Commission served Honore with the Court's April 27, 2015 order by first class mail.

On May 28, 2015, this Court granted the Commission's enforcement petition, stating:

> NOW, this 28th day of May, 2015, following a hearing on [the Commission's] Petition for Enforcement of a Final Administrative Order . . . , the Court being satisfied that [Honore] has been duly served with the petition and notice of the hearing despite her failure to appear at the hearing and satisfied that [the Commission] has established its right to the requested relief, it is hereby ordered that:
>
> 1. Judg[]ment in the amount of $250.00 plus court costs and service of process fees in the amount of $231.50, for a total judg[]ment amount of $481.50, is hereby entered against [Honore] and in favor of the [Commission].
>
> 2. [Honore] shall complete and file her [SFI] for the 2012 calendar year directly with the [Commission] within and no later than 30 days from the date of this Order.
>
> 3. [Honore] shall forward to [the Commission] within and no later than thirty (30) days from the date of this Order, payment by cash, check, or money order, in the amount of $250.00, payable to the Commonwealth of Pennsylvania, plus court costs and service of process fees in the amount of $231.50, payable to the [Commission], for a total amount of $481.50.
>
> 4. In the event [Honore] fails to comply with this Order, [the Commission] may return to this Court and petition the Court to order [Honore] to appear and show cause why she may not be adjudged in civil contempt.
>
> 5. [The Commission] shall serve this Order upon [Honore] and file a Proof of Service with this Court.

May 28, 2015 Order. According to a proof of service filed with this Court on June 3, 2015, the Commission served Honore with the Court's May 28, 2015 order by first class mail. Shortly thereafter, Honore submitted her 2012 SFI to the Commission,[3] but failed to pay the assessed penalties, fees and costs.

On September 26, 2016, the Commission filed the Motion requesting this Court to issue an order to show cause requiring Honore to appear, answer and show cause why she should not be held in civil contempt for violating the Court's May 28, 2015 order, and an order holding Honore in civil contempt and confining her until such time as she complies with her financial obligations. The Motion notified Honore to respond within 20 days of the Motion, or such other date as this Court shall impose.

On September 28, 2016, this Court ordered the Commission to serve the order upon Honore and ordered Honore to answer the Motion by October 26, 2016, and scheduled a hearing on the Motion for November 2, 2016. According to a proof of service filed with this Court on September 30, 2016, the Commission served Honore with the Court's September 28, 2016 order by first class mail. Honore did not file an answer to the Motion, she did not attend the November 2, 2016 hearing, and she has not paid the penalties, fees and costs. At the November 2, 2016 hearing, the Commission's Assistant Counsel Jeffery Frankenburger (Attorney Frankenburger) advised the Court that Honore had telephoned him on October 3, 2016 and, after being informed that the Commission could not remove the monies she owed from her Commonwealth paycheck, stated that she did not intend to pay the penalties, fees and costs. Attorney Frankenburger further informed the Court that, during his telephone conversation with Honore, he reminded her of this Court's scheduled November 2, 2016 hearing which she had been ordered to attend.

---

[3] Honore's 2012 SFI was dated April 27, 2015.

The Commission has the burden of proving an Ethics Act violation. *Kistler v. State Ethics Comm'n*, 958 A.2d 1092 (Pa. Cmwlth. 2008), *aff'd*, 22 A.3d 223 (Pa. 2011). This Court has declared that income maintenance caseworkers, like Honore, are public employees subject to the Ethics Act's SFI filing requirements. *Quaglia v. State Ethics Comm'n*, 986 A.2d 974 (Pa. Cmwlth. 2010). Section 1104 of the Ethics Act states, in pertinent part:

> **(a) Public official or public employee.--**Each public official of the Commonwealth shall file a statement of financial interests for the preceding calendar year with the commission no later than May 1 of each year that he holds such a position and of the year after he leaves such a position. **Each public employee and public official of the Commonwealth shall file a statement of financial interests for the preceding calendar year with the department, agency, body or bureau in which he is employed or to which he is appointed or elected no later than May 1 of each year that he holds such a position** and of the year after he leaves such a position. Any other public employee or public official shall file a statement of financial interests with the governing authority of the political subdivision by which he is employed or within which he is appointed or elected no later than May 1 of each year that he holds such a position and of the year after he leaves such a position. . . .
>
> . . . .
>
> **(d) Failure to file required statement.--**No public official shall be allowed to take the oath of office or enter or continue upon his duties, nor shall he receive compensation from public funds, unless he has filed a statement of financial interests as required by this chapter.
>
> **(e) Public inspection and copying.--**All statements of financial interests filed pursuant to the provisions of this chapter shall be made available for public inspection and copying during regular office hours, and copying facilities shall be made available at a charge not to exceed actual cost.

5

65 Pa.C.S. § 1104 (text emphasis added).  Accordingly, under the Ethics Act, Honore was required to file her 2012 SFI by May 1, 2013.

> Section 1107(5) of the Ethics Act mandates, in relevant part:
>
> If, upon inspection, it is determined that a reporting person has failed to file a statement of financial interests . . . , then the [C]ommission shall in writing notify the person.  Such notice shall state in detail the deficiency and the penalties for failure to file or for filing a deficient statement of financial interests.

65 Pa.C.S. § 1107(5).  Here, the Commission twice notified Honore of her violation of state law, afforded her the opportunity to submit her SFI without civil penalty, and warned that continued failure to comply with the Ethics Act would result in further penalties.  The notices were sent to her only known address and were not returned.

Due to Honore's refusal to timely comply with the initial notices, the Commission was authorized to and did issue an order adjudicating Honore in violation of Section 1104(a) of the Ethics Act and imposed penalties as permitted by Section 1109(f) of the Ethics Act.[4]  Because of Honore's failure to timely comply with the Commission's order, the Commission sought enforcement, as authorized by

---

[4] Section 1109(f) of the Ethics Act provides:

> In addition to any other civil remedy or criminal penalty provided for in this chapter, the commission may, after notice has been served in accordance with [S]ection 1107(5) [of the Ethics Act] (relating to powers and duties of [C]ommission) and upon a majority vote of its members, levy a civil penalty upon any person subject to this chapter who fails to file a statement of financial interests in a timely manner or who files a deficient statement of financial interests, at a rate of not more than $25 for each day such statement remains delinquent or deficient.  The maximum penalty payable under this paragraph is $250.

65 Pa.C.S. § 1109(f).

Section 1107(13) of the Ethics Act, 65 Pa.C.S. § 1107(13).[5] After this Court's order was served upon an adult at Honore's known address, Honore still failed to appear at the May 28, 2015 hearing, and has only partially complied with this Court's May 28, 2015 enforcement order.

> The law is well-established that '[c]ourts possess an inherent power to enforce their orders by way of the power of contempt.' *Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cnty.,* . . . 32 A.3d 639, 653 ([Pa.] 2011) (*Cromwell* [*Twp.*]) (quoting *Commonwealth v. Bowden,* . . . 838 A.2d 740, 760 ([Pa.] 2003)). 'Courts have broad discretion in fashioning and administering a remedy for civil contempt.' *Mulligan v. Piczon,* 739 A.2d 605, 611 (Pa. Cmwlth. 1999), *aff'd,* . . . 779 A.2d 1143 ([Pa.] 2001).
>
> 'The purpose of civil contempt is to compel performance of lawful orders[.]' *Gunther v. Bolus,* 853 A.2d 1014, 1018 (Pa. Super. 2004) (quoting *Cecil Twp. v. Klements,* 821 A.2d 670, 675 (Pa. Cmwlth. 2003)). Because [this Court's May 28, 2015] order was intended to coerce [Honore] to comply with the [Commission's October 6, 2014] order to produce [Honore's SFI and pay penalties], it is a civil contempt order. 'Pennsylvania courts . . . have stated that in civil contempt proceedings, the burden is generally on the complaining party to prove noncompliance with the court order by a preponderance of the evidence.' *Schnabel Assocs., Inc. v. Bldg. & Constr. Trades Council of Phila. & Vicinity, AFL-CIO,* . . . 487 A.2d 1327, 1336-37 ([Pa. Super.] 1985). However, mere noncompliance with a court order is insufficient to prove civil contempt. *Bold v. Bold,* . . . 939 A.2d 892 ([Pa. Super.] 2007).
>
> > To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had **notice** of the specific order or decree which he is alleged to have disobeyed;[FN10] (2) that the act constituting the contemnor's violation was **volitional;** and (3) that the contemnor acted with **wrongful intent.**

---

[5] Section 1107(13) of the Ethics Act provides, in pertinent part: "The [C]ommission or the Office of Attorney General shall have standing to apply to the Commonwealth Court to seek enforcement of an order requiring such restitution." 65 Pa.C.S. § 1107(13).

*Epstein v. Saul Ewing, LLP,* 7 A.3d 303, 318 (Pa. Super. 2010) (emphasis added) (quoting *Lachat v. Hinchcliffe,* 769 A.2d 481, 489 (Pa. Super. 2001)).

> [FN]10 **[I]n order for a trial court to hold a party in contempt, a five-step process must first be completed**. . . . That process includes: [(]1) a **rule to show cause** . . . ; [(]2) an **answer and hearing**; [(]3) a **rule absolute**; [(]4) **a hearing on the contempt citation**; and [(]5) an **adjudication of contempt**.
>
> *Cleary v. Dep't of Transp.,* 919 A.2d 368, 372 (Pa. Cmwlth. 2007). ʻ**Fulfillment of all five factors is not mandated, however. ʻ[W]hen the contempt proceedings are predicated on a violation of a court order that followed a full hearing, due process requires no more than notice of the violations alleged and an opportunity for explanation and defense**.ʼʼ *Wood v. Geisenhemer-Shaulis,* 827 A.2d 1204, 1208 (Pa. Super. 2003) (quoting *Diamond v. Diamond,* 792 A.2d 597, 601 (Pa. Super. 2002)); *see also Schnabel Assocs., Inc.*

*W. Pittston Borough v. LIW Invs., Inc.*, 119 A.3d 415, 421 (Pa. Cmwlth. 2015) (emphasis added).

In the instant case, because this proceeding is "predicated on a violation of a court order that followed a full hearing[]" on May 28, 2015, "due process requires no more than notice of the violation alleged and an opportunity for explanation and defense." *Id.* at 421.

With respect to the notice requirement, Pennsylvania Rule of Civil Procedure No. 440 provides, in relevant part:

> [(a)](2)(i) If there is no attorney of record, **service shall be made** by handing a copy to the party or **by mailing a copy to** or leaving a copy for the party at the address endorsed on an appearance or prior pleading or **the residence** or place of business **of the party** . . . .

(ii) If such service cannot be made, **service shall be made by** leaving a copy at or **mailing a copy to the last known address of the party** to be served.

*Note:* This rule applies to the service upon a party of all legal papers other than original process and includes, but is not limited to, all other pleadings as well as motions, petitions, answers thereto, rules, notices, interrogatories and answers thereto.

. . . .

(b) **Service by mail** of legal papers other than original process **is complete upon mailing**.

(c) If service of legal papers other than original process is to be made by the sheriff, he shall notify by ordinary mail the party requesting service to be made that service has or has not been made upon a named party or person.

Pa.R.C.P. No. 440 (emphasis added).

It is clear based on this record that the Commission met the notice requirement by serving its September 23, 2013 notice, its November 4, 2013 notice and its October 6, 2014 final adjudication at Honore's known place of residence. The notices were not returned. On March 3, 2015, the Dauphin County sheriff served the enforcement petition "upon [Honore] by personally handing [it] to ERIE YOUNG . . . . ADULT PERSON IN CHARGE WHO ACCEPTED FOR [HONORE] AT TIME OF SERVICE," and "making known to him/her the contents thereof." Sheriff's Return March 3, 2015. Accordingly, Honore was on notice to answer the enforcement petition and to appear at the May 28, 2015 hearing, yet she did neither. Thereafter, a copy of this Court's May 28, 2015 order was served upon Honore at the same address. Although Honore submitted her 2012 SFI to the Commission, her payment of the assessed penalties, fees and costs remain outstanding. A copy of this Court's September 28, 2016 order requiring Honore to answer the Commission's Motion by October 26, 2016 and to appear at the November 2, 2016 hearing were

9

also served upon Honore. Rather than attend the hearing and/or pay the penalties, fees and costs, Honore declared her intent to further violate this Court's orders.

Accordingly, the Commission's Motion is granted, and Honore is adjudicated in contempt of this Court's May 28, 2015 order, insofar as the penalties, fees and costs have not been paid.

 

 

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
State Ethics Commission, : 
                Petitioner : 
                 : 
        v. : 
                 : 
Elvera Honore, :   No. 4 M.D. 2015
             Respondent : 

## O R D E R

AND NOW, this 3rd day of November, 2016, upon hearing on the Commonwealth of Pennsylvania State Ethics Commission's (Commission) Motion for Adjudication of Civil Contempt (Motion), after notice to Elvera Honore (Honore) and an opportunity to be heard on the issue of contempt but having failed to appear or pay the penalties, fees and costs, the Commission's Motion is GRANTED and Honore is adjudicated IN CONTEMPT of this Court's May 28, 2015 order.

Honore is directed to appear before the Court on December 28, 2016, at 10:00 a.m., Courtroom 3001, Pennsylvania Judicial Center, 601 Commonwealth Avenue, Harrisburg, Pennsylvania, for imposition of sentence, unless the contempt is purged by Honore making payment of $481.50 by cash, check or money order to the Commission within 30 days of the date of this Order. If Honore fails to purge herself of the contempt or to appear before the Court, the Court may issue a bench warrant for Honore's arrest. If Honore purges herself of the contempt, the Commission shall certify to the Court within seven (7) days that Honore has so complied.

**The Commission shall obtain the services of a court stenographer for the December 28, 2016 hearing.** The Commission shall also file a proof of service of this Order upon Honore.

 

_____
ANNE E. COVEY, Judge