IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Coventry Township             :
                                    :
            v.                      :
                                    :
Josephine Tripodi and               :
Geri Carr,                          :    No. 1023 C.D. 2020
                Appellants          :    Submitted: July 1, 2022
                                    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: September 7, 2022


            Josephine Tripodi (Tripodi) and Geri Carr (Carr)[1] (collectively,
Appellants) appeal from the Chester County Common Pleas Court's (trial court)
September 8, 2020 order directing the sale of the Kline Place Apartments (Property)
because Appellants were in civil contempt of the trial court's August 26, 2009 and
July 9, 2019 orders, and Appellants continue to refuse to comply with the trial court's
orders.  Appellants present three issues for this Court's review: (1) whether, by
entering the September 8, 2020 order, the trial court contravened the substantive and
procedural requirements for declaring Appellants in contempt; (2) whether the trial
court abused its discretion by compelling the Property's sale; and (3) whether the
trial court abused its discretion by sanctioning Carr, who does not own or have any
legal obligations for the Property.  After review, this Court affirms.

_____

[1] Carr is Tripodi's daughter and has, at times, during the course of litigation in this matter
been referred to as Geri Carr Tripodi.

**Background**

Tripodi owns the Property, which consists of 27 townhomes in North Coventry Township (Township). On November 14, 2007, the Township filed an action in the trial court seeking relief relative to Appellants' noncompliance with the Township's property maintenance, plumbing, and electrical codes at the Property. The litigation in this matter has been ongoing from 2007 through the present, including multiple appeals to this Court.

In February 2008, the Township sought a preliminary injunction to preclude Tripodi's use of the Property due to her continued violations of the Township's codes. Following a preliminary injunction hearing, the trial court issued an order on April 25, 2008, requiring Tripodi's compliance with an in-court agreement she reached with the Township. The agreement provided that the Property would be inspected and that a work schedule would be created to correct the Property's code violations.

Thereafter, the Township filed petitions for contempt on October 8, 2008, and January 16, 2009 (Contempt Petitions), in the trial court. On February 6, 2009, the trial court held a hearing on the Contempt Petitions, during which the parties agreed that Tripodi would sell the Property to Carr.[2] The agreement also provided that a Master would be appointed to arrange for inspections and access to the Property, approve a contractor to perform work on the Property, and resolve any disputes with respect to the scope of the work. The trial court entered an order on February 26, 2009, and attached the parties' agreement to it.

On March 6, 2009, the Township filed another petition for contempt. By June 12, 2009 order, the trial court appointed a Master with the authority to oversee the necessary repairs, improvements, renovation, and maintenance to bring

---

[2] That sale did not occur.

the Property into compliance with the relevant Township codes. The trial court also ordered Tripodi to pay fees for third-party consultants retained by the Master and to place money into an escrow account for the Master's use for fees, costs, and expenses of engaging consultants to establish and prepare the plan of repair and remediation for the Property.

On June 26, 2009, the Township filed another petition for contempt against Tripodi for failing to cooperate with the Master and for not allowing inspections of the Property, as required by the April 25, 2008 order and the parties' February 26, 2009 in-court agreement. **The trial court held a hearing on August 14, 2009, and by August 26, 2009 order, the trial court found Tripodi in contempt of the trial court's April 25, 2008, February 26, 2009, and June 12, 2009 orders.** The trial court concluded that its prior orders could only be enforced by the sale of the Property in a reasonable commercial manner conditioned upon the buyer either remediating the Property and bringing it into compliance with the Township's codes or demolishing the structures. The trial court also directed Tripodi to pay the Township's attorney's fees and costs, and the Master's fees, costs, and expenses. Tripodi did not appeal from the trial court's August 26, 2009 order, although she did file motions for reconsideration and an untimely praecipe for determination. By May 20, 2010 order, the trial court denied reconsideration, concluding that it did not have jurisdiction to reconsider its August 26, 2009 order. Tripodi appealed from the trial court's May 20, 2010 order to this Court, which ultimately affirmed the trial court's order.[3]

During the pendency of the appeal, the Township filed a fifth contempt petition with the trial court on June 9, 2010, averring that Tripodi refused to cooperate with the Master. On September 13, 2010, the trial court held a hearing

---

[3] *See N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 1214 C.D. 2010, filed Mar. 24, 2011).

during which both parties presented evidence. On September 22, 2010, the trial court issued an order finding Tripodi in contempt of its orders for her deliberate and willful refusal to obey the prior orders from which she had taken no appeals. The trial court concluded that Tripodi could purge her contempt and avoid incarceration by remitting $46,581.96 to the Township. Tripodi appealed from the trial court's September 22, 2010 order to this Court, which affirmed the trial court's order.[4]

Subsequent litigation arose out of the trial court's scheduling of a status hearing in May 2016. The trial court continued the hearing at Appellants' request based on their claim that their counsel would be withdrawing her appearance. Appellants' counsel filed a motion for leave to withdraw as counsel on July 11, 2016, which the trial court granted on August 17, 2016. Thereafter, the Master presented Appellants with invoices, to which Appellants, then acting *pro se*, filed objections on August 25, 2016. The trial court scheduled proceedings for October 26, 2016. On September 9, 2016, the Township filed a petition seeking an order requiring inspection of the Property and approval of payments from the escrow account. The Township's petition also requested that the trial court enter judgment in its favor for attorney's fees and costs.

The trial court issued a Rule to Show Cause (Rule) upon Appellants, setting a hearing date for October 26, 2016, and notifying Appellants that the trial court would deem the allegations of the inspection petition admitted if Appellants did not file an answer by October 5, 2016. After several extensions and continuances, Appellants did not answer the Rule, and the trial court held a hearing on January 19, 2017. On April 25, 2017, the trial court issued an order based on evidence presented at the January 19, 2017 hearing, and evidence presented in prior proceedings. The trial court's order: (1) authorized the Township to use and expend

---

[4] *See N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 2075 C.D. 2010, filed June 15, 2011).

up to $10,000.00 from the $15,000.00 escrow account to engage an engineer to perform an independent, full building and maintenance code inspection and to review all buildings/apartments that were part of the Property; (2) authorized the Township to use and expend up to $5,000.00 from the escrow account to engage a real estate appraiser to determine the Property's present fair market value; (3) directed Appellants to make the Property available for inspections by the engineer, the real estate appraiser, Township representatives, and the Master, and noted that, if Appellants failed to cooperate within five days, the Township had the right to enter the buildings and apartments; (4) awarded the Master $61,803.75; (5) awarded the Township $34,093.65 for attorney's fees and costs; and (6) directed the Master to issue a report to the trial court based on the engineer's and real estate appraiser's findings. Appellants appealed from the trial court's April 25, 2017 order to this Court; however, this Court quashed the appeal because Appellants failed to serve their Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement) on the trial court judge.[5]

On July 9, 2019, the trial court issued three orders. In the first order, the trial court stated that it issued the order and another contemporaneous order to establish a fund for payment of inspection fees, remediation, and costs. The first order further provided that Appellants' failure to comply with that order may result in the sale of the Property and/or a finding of contempt against Appellants. The second order denied Tripodi's Motion for New Trial/Hearing, and specifically stated that an appeal therefrom would be interlocutory and would not divest the trial court of jurisdiction. The third order directed Appellants to deliver to an appointed Master either: (1) a $500,000.00 check; or (2) personal financial information. The third

---

[5] *See N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 851 C.D. 2017, filed June 4, 2018).

5

order also directed how the Master would use the $500,000.00, including for the payment of the Township's $34,093.65 award, the Master's $61,803.75 award, and the second $37,091.25 judgment in the Master's favor. The third order further specified how the remaining money was to be utilized. Specifically, if Appellants decided to provide financial information to the Master rather than make the $500,000.00 deposit, the order set forth what information must be submitted. Appellants appealed from the trial court's July 9, 2019 orders to this Court, and this Court affirmed.[6] **On November 4, 2019, the trial court held a hearing and found Appellants in contempt of the trial court's July 9, 2019 orders**.[7] On December 3, 2019, Appellants appealed from the trial court's November 4, 2019 contempt finding. By February 18, 2020 Order, this Court dismissed Appellants' appeal.[8]

## Facts

On September 8, 2020, the trial court directed the sale of the Property based on Appellants' civil contempt of the trial court's August 26, 2009 and July 9, 2019 orders, and Appellants' continued refusal to comply with the trial court's orders. Appellants appealed from the trial court's September 8, 2020 order to this Court. On October 6, 2020, the trial court directed Appellants to file a Rule 1925(b) Statement (Rule 1925(b) Order). On October 26, 2020, Appellants filed their Rule 1925(b) Statement. On November 30, 2020, the trial court issued an order in lieu of an opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion), requesting that this

---

[6] *See N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 1073 C.D. 2019, filed Mar. 9, 2021), *appeal denied* (Pa. No. 161 MAL 2021, filed Oct. 1, 2021).

[7] The trial court found Appellants in contempt of the July 9, 2019 orders from the bench. *See* Reproduced Record at 118a-119a (Notes of Testimony, Nov. 4, 2019, at 28-29).

[8] This Court dismissed the appeal due to Appellants' failure to comply with its December 12, 2019 Order directing Appellants to file a praecipe for the trial court to enter the November 4, 2019 order on the docket and to file proof of same with this Court no later than January 3, 2020.

6

Court quash the appeal for Appellants' failure to serve the Rule 1925(b) Statement on the trial court judge. Because the trial court's Rule 1925(b) order did not specify the place or the address the trial court judge could be served, as required by Rule 1925(b)(3)(iii), this Court remanded the matter to the trial court to file a Rule 1925(a) Opinion. *See N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 1023 C.D. 2020, filed Dec. 22, 2021). On January 25, 2022, the trial court filed its Rule 1925(a) Opinion. This appeal is now ripe for review.

## Discussion

Initially,

> [i]t is well established that "[c]ourts possess an inherent power to enforce their orders by way of the power of contempt." *Dep['t] of Env['t] Prot[.] v. Cromwell [Twp.], Huntingdon [Cnty.], . . .* 32 A.3d 639, 653 ([Pa.] 2011) (quoting *Brocker v. Brocker, . . .* 241 A.2d 336, 338 ([Pa.] 1968)). This power includes "**broad discretion in fashioning and administering a remedy for civil contempt**." *Commonwealth v. Honore*, 150 A.3d 521, 526 (Pa. Cmwlth. 2016) ([quoting] *Mulligan v. Piczon*, 739 A.2d 605, 611 (Pa. Cmwlth. 1999)).

> The purpose of civil contempt is "**to compel performance of lawful orders**," and the burden is generally on the complaining party to prove noncompliance with the court order. *Honore*, 150 A.3d at 526. Mere noncompliance with a court order is insufficient to prove civil contempt. *Id*. The complainant must prove: "(1) **that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed**; (2) **that the act constituting the contemnor's violation was volitional; and** (3) **that the contemnor acted with wrongful intent**." *Id*. (quoting *Epstein v. Saul Ewing, LLP*, 7 A.3d 303, 318 (Pa. Super. 2010)). Further, an appellate court will reverse a trial court's order denying a contempt petition "only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason."

7

> *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa. Super. 2012).

> > **[I]n order for a trial court to hold a party in contempt**, **a five-step process must first be completed**. . . . That process includes: [ (]1) a rule to show cause . . . ; [ (]2) an answer and hearing; [ (]3) a rule absolute; [ (]4) a hearing on the contempt citation; and [ (]5) an adjudication of contempt.

> > *Cleary v. Dep't of Transp.*, 919 A.2d 368, 372 (Pa. Cmwlth. 2007). '**Fulfillment of all five factors is not mandated**, however. '[W]hen the contempt proceedings are predicated on a violation of a court order that followed a full hearing, due process requires no more than notice of the violations alleged and an opportunity for explanation and defense.'' *Wood v. Geisenhemer-Shaulis*, 827 A.2d 1204, 1208 (Pa. Super. 2003) (quoting *Diamond v. Diamond*, 792 A.2d 597, 601 (Pa. Super. 2002))[.]

> *Honore*, 150 A.3d at 526 (quoting *W. Pittston Borough v. LIW Invs., Inc.*, 119 A.3d 415, 421 n.10 (Pa. Cmwlth. 2015) (emphasis added)).

Appellants first argue that, by issuing the September 8, 2020 order, the trial court contravened the substantive and procedural requirements to find them in contempt. The Township rejoins that contempt orders were entered against Appellants on August 26, 2009 and November 4, 2019. The Township asserts that it was in consequence of those contempt orders, not an additional contempt ruling, that the trial court ordered sanctions on September 8, 2020. Moreover, the Township declares that, even if the trial court's September 8, 2020 order is construed as a separate contempt order, it satisfies the procedural and substantive requirements for such an order.

8

The trial court noted in its September 8, 2020 order:

> **The finding of contempt [of the trial court's July 9, 2019 orders] was made during a hearing before the [trial c]ourt on November 4, 2019**. However, the finding was not entered of record until January 6, 2020.[9] The delay in filing an [o]rder or the transcript of those proceedings was purposeful in order to afford [Appellants] additional time to comply with the [trial c]ourt's [o]rders of July 9, 2019.

Appellants' Feb. 24, 2021 Br. App. A. (Trial Ct. Sept. 8, 2020 Order at 1 n.1) (emphasis added). The trial court further noted in its September 8, 2020 order: "**In [the August 26, 2009 o]rder, the trial [c]ourt found [Tripodi] in contempt of three of its prior [o]rders** and concluded that those prior [o]rders could only be enforced by the sale of the [Property]. The [trial court's August 26, 2009 o]rder has been affirmed on appeal." *Id.* at n.3 (emphasis added).

However, Appellants did not appeal from the trial court's August 26, 2009 order. Rather, Tripodi filed a motion for reconsideration and an untimely praecipe for determination. By May 20, 2010 order, the trial court denied reconsideration, concluding it no longer had jurisdiction to reconsider its August 26, 2009 order. Tripodi appealed from the trial court's May 20, 2010 order to this Court, and this Court ultimately affirmed that order.

This Court concluded:

> [T]he trial court's order dated August 26, 2009, is a final order. Rule 341(b) . . . defines a final order as follows: "final order is any order that: (1) disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule." "[W]hen a party is found in contempt, sanctions must be imposed for the trial court's order to be considered final and appealable." *Borough of Slatington v. Ziegler*, 890 A.2d 8, 11 (Pa. Cmwlth.

---

[9] On January 6, 2020, the trial court filed the transcript from the November 4, 2019 hearing.

9

2005). . . . Sanctions may consist of an award of attorneys' fees or costs. *Id.* "[F]or a contempt order to be properly appealable, it is only necessary that the order impose sanctions and that no further court order be required before the sanctions take effect." *Foulk v. Foulk*, 789 A.2d 254, 257 (Pa. Super. 2001). Here, **the effect of the order was to grant the relief sought by [the] Township's petitions for contempt**, **which included the imposition of sanctions for contempt and entry of judgment against [Tripodi]**. Therefore, because the trial court's August 26, 2009 order imposed sanctions upon [Tripodi], the order was final and appealable.

*N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 1214 C.D. 2010, filed Mar. 24, 2011) (internal citations omitted), slip op. at 4 n.2. Moreover, the trial court's August 26, 2009 order expressly provided: "This Court shall retain jurisdiction in this matter to enter such other or further orders as may be necessary from time to time." Trial Ct. Aug. 26, 2009 Order ¶ 8.

Relative to the July 9, 2019 orders, the trial court described:

The trial court held a hearing on November 4, 2019[,] and from the bench again found Appellants in contempt of its July 9, 2019 [o]rders at the hearing. The transcript record of that hearing was not filed of record until January 6, 2020. The appeal of this [sic] contempt findings was dismissed by [this Court on] February 18, 2020. *See* [Pa. Cmwlth. No.] 1725 C.D. 2019. The trial court did not earlier file an [o]rder finding contempt in order to provide Appellants additional time to comply with the [o]rders of July 9, 2019. Those [o]rders of July 9, 2019[,] were affirmed by the Commonwealth Court. *See* [*N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No.] 1073 C.D. 2019[, filed Mar. 9, 2021), *appeal denied* (Pa. No. 161 MAL 2021, filed Oct. 1, 2021)].

However, Appellants failed to take any action to comply with any prior trial [c]ourt [o]rders which led to the entry of the sanctions [o]rder of September 8, 2020.

Appellants' Feb. 24, 2021 Br. App. A. (Trial Ct. Rule 1925(a) Op. at 4 n.3).

10

The trial court further noted:

> **There was no prior trial [c]ourt [o]rder remaining which could have been the basis for a contempt finding in the [o]rder of September 8, 2020.** The last contempt finding of the [trial c]ourt's July 9, 2019 [o]rders was entered into the [trial court] docket on January 6, 2020. The appeal of the January 6, 2020 [o]rder was dismissed on February 18, 2020. *See* [Pa. Cmwlth. No.] 1725 C.D. 2019. The September 8, 2020 [o]rder resulted from the January 6, 2020 contempt finding and imposed reasonable commercial conditions for the sale of the Property that had been imposed by [trial court o]rder dated August 26, 2009.

Appellants' Feb. 24, 2021 Br. App. A. (Trial Ct. Rule 1925(a) Op. at 9 n.5) (emphasis added).

Because the trial court's September 8, 2020 order did not include a contempt finding, but rather imposed sanctions for Appellants' failure to obey its August 26, 2009 contempt finding, from which Appellants did not appeal, and its November 4, 2019 contempt finding, the appeal from which this Court dismissed, the trial court did not contravene the substantive and procedural requirements for a contempt ruling against Appellants.

Even assuming, *arguendo*, that the trial court's imposition of new/additional sanctions for the prior contempt rulings is an independent contempt order, because the trial court's September 8, 2020 order was predicated on violations of the trial court's previous contempt orders, "due process requires no more than notice of the violations alleged and an opportunity for explanation and defense." *Honore*, 150 A.3d at 526 (quoting *Wood*, 827 A.2d at 1208).

Here, the trial court held a hearing on August 7, 2020, for the imposition of sanctions as a result of its November 4, 2019 contempt ruling. *See* Reproduced Record (R.R.) at 122a-145a (Notes of Testimony (N.T.) Aug. 7, 2020). Although Appellants had notice of the hearing, they did not attend, having filed an

11

unsubstantiated motion the previous afternoon alleging that they were self-quarantining due to COVID-19 symptoms. *See* R.R. at 123a-126a; *see also* R.R. at 1a-2a (Emergency Motion for Continuance). The trial court ordered them to appear the following Monday, August 10, 2020, and informed Appellants' counsel that warrants would issue for Appellants' arrest if they did not comply. *See* R.R. at 137a-139a. Neither Appellants nor their counsel appeared at the August 10, 2020 hearing. *See* R.R. at 147a-149a (N.T. Aug. 10, 2020). The trial court offered them a final opportunity to appear before it on August 27, 2020. On August 27, 2020, Appellants and their counsel participated in the hearing by video. *See* R.R. at 151a-226a (N.T. Aug. 27, 2020). Thus, Appellants had ample notice "and an opportunity for explanation and defense." *Honore*, 150 A.3d at 526 (quoting *Wood*, 827 A.2d at 1208). Accordingly, even if the imposition of new/additional sanctions for the trial court's prior contempt rulings is considered an independent contempt order, the trial court did not contravene the substantive and procedural requirements for declaring Appellants in contempt.

Appellants next argue that the trial court abused its discretion by compelling the Property's sale. The Pennsylvania Supreme Court has explained:

> In reviewing a claim that [] a contempt sanction is improper, . . . the appellate court must affirm the trial court's order unless that court has committed an abuse of discretion. [*Bata v. Cent.-Penn Nat'l Bank of Phila.*], 249 A.2d [767,] 768 [(Pa. 1969) (plurality)] ("Because of the nature of these [contempt] standards, great reliance must be placed upon the discretion of the trial judge."); *see also Commonwealth v. Baker*, . . . 766 A.2d 328, 331 ([Pa.] 2001) (trial court finding of contempt will not be disturbed absent abuse of discretion); *Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001) (same). [Our Supreme Court] ha[s] described the meaning of this standard as follows:
>
> > The term "discretion" imports the exercise of judgment, wisdom[,] and skill so as to reach a dispassionate conclusion, and discretionary power

12

can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice[,] or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Shaffer*, . . . 712 A.2d 749, 751 ([Pa.] 1998) (plurality) (quoting *Coker v. S.M. Flickinger Co.*, . . . 625 A.2d 1181, 1184-85 ([Pa.] 1993)); *see also United Parcel Serv., Inc. v. Pa. Pub. Util. Comm'n*, 830 A.2d 941, 948 (Pa. 2003) (abuse of discretion committed where decision made in unreasoned framework).

*Commonwealth v. Bowden*, 838 A.2d 740, 761-62 (Pa. 2003).

Here, the trial court explicated:

[T]he trial [c]ourt's [o]rder of September 8, 2020[,] [] did not find Appellants in contempt[,] but rather compelled the involuntary sale of the Property in a reasonable commercial manner, just as the trial [c]ourt's [o]rder of August 26, 2009[,] had ordered, some eleven (11) years earlier. During that [11]-year period, the trial [c]ourt conducted hearing after hearing and issued [o]rder after [o]rder in an attempt to obtain Appellants' compliance with prior [o]rders to remediate the Property which had become a monument to the Township's inability to enforce its own ordinances.[FN]6

The prior assigned trial judge and the undersigned [trial] judge have provided Appellants with every opportunity to comply with prior court orders and cooperate with the Master to remediate the Property. Instead of compliance and cooperation, the trial [c]ourt has been met with hearing after hearing, contempt finding after contempt finding, withdrawal of counsel, one after the other, and appeal after appeal. The trial [c]ourt must be able to enforce its [o]rders or the [o]rders are meaningless. **The September 8**, **2020 [o]rder was entered to effect the**

13

**remediation of the [] Property which Appellants repeatedly failed to do and [sic] failed to cooperate with the Master and [the] Township to inspect and remediate**. Failure to assist in the remediation of the Property for now nearly 15 years and ignore numerous [c]ourt [o]rders, contempt findings and appellate decisions can only be the result of volitional conduct with wrongful intent.

> [FN]6 During the August 27, 2020 proceeding in the trial [c]ourt, Appellants stated that [Carr] was now ready to buy the Property (which she failed to do by [a]greement and trial [c]ourt [o]rder of February 26, 2009). Appellants also stated they would pay $336,330.78 to satisfy all outstanding monies owed, including the cost of mold remediation which they continue to challenge. This offer to financially contribute was made after their refusal to disclose their finances or establish a $500,000[.00] escrow with the Master. The trial [c]ourt considered these offers as further attempts to delay the sale of the [P]roperty and were not made in good faith by Appellants. The offer to purchase the Property was [o]rdered in 2009. It did not happen. The offer to pay remediation amounts could have occurred pursuant to the July 9, 2019 [o]rders. It did not. Instead Appellants engaged in further appellate litigation. Attempts to engage with Appellants now would create more years of litigation.

Appellants' Feb. 24, 2021 Br. App. A. (Trial Ct. Rule 1925(a) Op. at 9-10 (emphasis added; footnotes omitted)).

Based on the above, this Court cannot conclude that the trial court's "judgment [was] manifestly unreasonable or [that] the law [wa]s not applied or [that] the record shows that the action is a result of partiality, prejudice, bias or ill will." *Bowden*, 838 A.2d at 762 (quoting *Shaffer*, 712 A.2d at 751). Accordingly, the trial court did not abuse its discretion in compelling the Property's sale.

14

Finally, Appellants assert that the trial court abused its discretion by sanctioning Carr, who does not own or have any legal obligations for the Property. Appellants raised this argument in *North Coventry Township v. Tripodi* (Pa. Cmwlth. No. 1073 C.D. 2019, filed Mar. 9, 2021), *appeal denied* (Pa. No. 161 MAL 2021, filed Oct. 1, 2021), and this Court rejected it, holding:

> To the extent [Appellants] argue that [Carr] is not an owner of the Property, and, thus, should not be held to any of the requirements of the true owner, [] Tripodi, [this Court] find[s] this argument unconvincing. [Carr] sought to intervene in this litigation many years ago and was joined as a party defendant in June 2009. As the Pennsylvania Rules of Civil Procedure make plain: "After the entry of an order allowing intervention, **the interven[o]r shall have all the** rights and **liabilities of a party** to the action." Pa.R.C[iv].P. [] 2330 (emphasis added). Further, as our Supreme Court enunciated in *In re Appeal of the Municipality of Penn Hills*, 546 A.2d 50, 52 (Pa. 1988): "Given the absence of limitations to the contrary an intervenor participates in the appeal with all the attendant rights of any other party."

> [Carr] chose to intervene in the present matter in 2009. She cannot now assert she is a mere representative or observer or that she can move in and out of the litigation at will. Further, to suggest that [Carr] has no interest in the Property seems disingenuous in light of the fact that, at one time, the parties had agreed [Carr] would purchase the Property from [Tripodi]. Ironically, the very financial statements to which [Appellants] object would establish whether, in fact, [Carr] has an interest in the Property. Accordingly, [this Court] reject[s] the argument that [Carr] cannot be held accountable in the same way Tripodi may be. Thus, the trial court did not err by determining [Carr] may be subject to the same requirements as [Tripodi] in this matter, including the provision of financial statements.

15

*Tripodi*, slip op. at 8.  Here, this Court similarly holds that the trial court did not abuse its discretion by sanctioning Carr.[10]

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

---

[10] This holding is especially proper in light of the fact that Carr again proposed purchasing the Property at the August 27, 2020 hearing.  *See* R.R. at 201a (N.T. Aug. 27, 2020) (wherein Carr stated "I want to tell [my counsel] that I have a court order that I'm supposed to buy it.  I can buy it immediately.").

North Coventry Township      :
     :
         v.      :
     :
Josephine Tripodi and      :
Geri Carr,      :    No. 1023 C.D. 2020
         Appellants      :

## O R D E R

AND NOW, this 7th day of September, 2022, the Chester County Common Pleas Court's September 8, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge